**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4503

MICHAEL ARTHUR BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-870)

Submitted: February 26, 1999

Decided: March 30, 1999

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. Eric William Ruschky, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Arthur Brown appeals the district court's order revoking his term of supervised release and imposing a term of imprisonment. After Brown admitted two violations of the conditions of his supervised release, the district court sentenced Brown to two years in prison. Brown noted a timely appeal and his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court properly sentenced Brown outside of the range recommended by the policy statement contained in the United States Sentencing Guidelines § 7B1.4 (Nov. 1995). The time for filing a supplemental brief has passed and Brown has not responded despite being advised of his right to do so. Finding no abuse of discretion on the part of the district court, we affirm.

This court reviews the district court's order imposing a term of imprisonment for an abuse of discretion. <u>See United States v. Davis</u>, 53 F.3d 638, 642-43 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court either fails or refuses to exercise its discretion or when the court's exercise of discretion is flawed by an erroneous legal or factual premise. <u>See James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993). Brown contends that the district court failed to give adequate consideration to the factors of 18 U.S.C. § 3553 (1994), specified by 18 U.S.C. § 3583 (1994), as appropriate for consideration in the revocation of a term of supervised release.

Our review of the record reveals no abuse of discretion. The transcript of the revocation hearing reflects that the district court was aware of the six to twelve month sentence recommended by the Sentencing Guidelines policy statement, <u>see</u> 18 U.S.C. § 3553(a)(5), but rejected that term as insufficient to provide Brown with appropriate treatment for his long-standing drug addiction. <u>See</u> 18 U.S.C. § 3553(a)(2)(D). This thoughtful review by the district court is not evidence of an abuse of discretion. As a result, we find no cause to disturb the court's revocation of supervised release or the two-year sentence the district court imposed.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3